Filed 9/8/23  P. v. Manzanales  CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FABIAN MANZANALES,<br><br>    Defendant and Appellant. | F085780<br><br>(Super. Ct. No. F20906671)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Adolfo M. Corona, Judge.

Jyoti Malik, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Detjen, Acting P. J., Peña, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This appeal is based on the sentence or other matters occurring after the plea that do not affect its validity. (Cal. Rules of Court, rule 8.304(b).) Moreover, because Manzanales first presented his claim that the lower court miscalculated his presentence custody credits in the trial court at the time of the change of plea hearing and then again at sentencing, the appeal is not barred by Penal Code section 1237.1.[1]

## STATEMENT OF THE CASE

On November 4, 2021, the Fresno County District Attorney filed an information charging Manzanales with felony corporal injury on an intimate partner resulting in a traumatic condition (§ 273.5, subd. (a); count 1), with an enhancement for inflicting great bodily injury (§ 12022.7, subd. (e); felony second degree robbery (§ 211; count 2); and misdemeanor damage or destruction of real property valued less than $400 (§ 594, subd. (b)(2)(A); count 3).

On December 12, 2022, Manzanales entered into a plea agreement pursuant to which he pled no contest to the charges set forth in counts 1 and 2, for a lid or maximum sentence of five years. In exchange, the prosecution moved for a dismissal of the enhancement allegation on count 1, the charge in count 3, and two other cases (F21901524 and F22904487), which the court granted.

On January 13, 2023, the trial court denied Manzanales's oral motion to withdraw from the plea agreement, finding that his complaint about not receiving presentence custody credits under section 4019 was not a valid reason for withdrawal. The court then sentenced Manzanales to the middle term of three years on count 2 (second degree robbery), and a concurrent three-year term on count 1 (intimate partner abuse). The court awarded Manzanales 378 actual days and 57 conduct days, for a total of 435 days in

---

[1] All statutory references are to the Penal Code.

presence custody credits.  The court imposed all mandatory fines and fees, reserving the right to order victim restitution.

On February 16, 2023, Manzanales filed a timely notice of appeal.

## STATEMENT OF FACTS[2]

Manzanales and Michelle M. began a dating relationship over the phone in October 2019, when Michelle was working at the Fresno County Jail, where Manzanales was an inmate.  Michelle and Manzanales cohabited from January to February 2020. They do not share any children.

On April 29, 2020, at approximately midnight, Michelle was home with her daughter C. when Manzanales, who was upset about Michelle giving a ride to a male friend the prior day, threw a screwdriver through her living room window.

On June 16, 2020, Michelle, Manzanales, and Michelle's two minor daughters, C. and K., arrived at Michelle's home early in the morning after a night at the casino.  The couple had argued on the drive back home.  Michelle fell asleep at around 7 a.m. and when she woke up, Manzanales was no longer there.

Manzanales returned at around 10 p.m., saw Michelle sitting on her bed and on her phone, and demanded that she give him her phone.  Michelle refused, Manzanales grabbed her keys from the nightstand, Michelle "went at him" to try and retrieve her keys, and a struggle ensued.  Initially, there "was a lot of shoving," however, Michelle ultimately ended up on her stomach on the floor.  Manzanales hit her repeatedly on the head and kicked her in the face until, according to Michelle, she was unconscious. Michelle was treated by ambulance personnel but refused any further medical care.

---

**2** During the December 12, 2022, change of plea hearing, the parties stipulated that the preliminary hearing transcript along with the police reports filed in this case would create the factual basis.  This statement thus utilizes the reporter's transcript of the preliminary hearing.

Michelle's phone and keys were missing. Michelle suffered a black eye as a result of this assault.

Officer Sandra Guerra spoke to Michelle before the ambulance arrived at the scene. Michelle initially told the officer that she had not seen Manzanales for a week before the incident but admitted in the follow up interview that they had gone to the casino together the night before the incident.

Officer Guerra contacted Manzanales at his mother's home on the day of the incident. While there, she spoke to a Ms. Rodriguez, who told her that Manzanales was with her all day on June 16, 2020. Manzanales's mother and sister similarly told the officer that he had not left the family home all day on June 16, 2020. Manzanales's attire also did not match the description Michelle had given to Officer Guerra.

When Officer Guerra returned to Michelle's residence to conduct a follow up investigation, Michelle refused the officer entry.

### APPELLATE COURT REVIEW

Manzanales's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Manzanales was advised he could file his own brief with this court. By letter on July 12, 2023, we invited Manzanales to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Manzanales.

### DISPOSITION

The judgment is affirmed.

4.